UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PETER PINTO, :
               Plaintiff, :
    :
v. :
    :
JOSEPH STANZIONE, GREENE COUNTY :
DISTRICT ATTORNEY'S OFFICE, TERRY : **ORDER**
WILHEIM, CATSKILL SHERIFF :
DEPARTMENT, OFFICES OF GREENE : 20 CV 6284 (VB)
COUNTY SHERIFF DEPARTMENT, :
OFFICER MEGHAN DOWNEY, SERGEANT :
CHRISTMAN, JUDGE JENNIFER JENSEN, :
OFFICES OF GREENE COUNTY POLICE :
DEPARTMENT, :
               Defendants. :
--------------------------------------------------------------x

      On August 17, 2020, the Court ordered plaintiff's counsel to show cause in writing why this Court should not transfer this case to the Northern District of New York, which appears to be the only judicial district in which venue would be proper. (Doc. #4).

      As noted in the Court's August 17 Order, 28 U.S.C. § 1391(b) provides:

      A civil action may be brought in—

      (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

      (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

      (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

      By letter dated August 24, 2020, plaintiff's counsel states that the Southern District of New York is the proper venue for this action because plaintiff resides in Dutchess County, in the Southern District of New York, and "the acts of defendants affected him in Dutchess County." (Doc. #5).

      Plainly, these are not valid reasons to assert venue in the Southern District of New York. Indeed, venue is not proper merely because plaintiff resides in the District or was "affected" in

1

this District by conduct which allegedly occurred outside the District. Even by plaintiff's own admission "most of the acts complained of occurred in Greene County, New York." (Doc. #1 ("Compl.") ¶ 7). Moreover, plaintiff's complaint included as defendants Greene County officials as well as the Greene County Sheriff's Department.

Based on plaintiff's allegations and now plaintiff's counsel's August 24 letter, the Northern District of New York is the "judicial district in which a substantial part of the events or omissions giving rise to the claim[s] occurred." See 28 U.S.C. § 1391(b)(2). Accordingly, the Court finds it is in the interest of justice to transfer this case pursuant to 28 U.S.C. § 1406(a) to the Northern District of New York, where it appears venue is proper.

The Clerk is instructed to transfer this case to the United States District Court for the Northern District of New York and close the instant proceeding.

Dated: August 24, 2020
      White Plains, NY

SO ORDERED:

_____

Vincent L. Briccetti
United States District Judge

2